IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 01-329 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S REQUEST FOR LEAVE TO AMEND; DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |
| v. | |
| GARY ADAMS, | |
| Defendant. / | |

On June 23, 2008, defendant Gary Adams ("Adams") filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" ("Motion to Vacate"), by which motion Adams seeks an order vacating his conviction and asserts claims of ineffective assistance of counsel on three grounds.[1] On August 7, 2008, Adams filed a "Petition to Amend Motion Pursuant to 28 U.S.C. § 2255" ("Petition to Amend"), by which petition Adams requests leave to amend his Motion to Vacate and asserts claims of ineffective assistance of counsel on three additional grounds.[2] On August 11, 2008, plaintiff United

---

[1] The grounds for Adams' ineffective assistance claims as set forth in his Motion to Vacate are (a) defense counsel's failure to move for a new trial, (b) the Court's assertedly insufficient inquiry into an asserted breakdown in the relationship between Adams and counsel, and (c) defense counsel's failure to object to alleged improper vouching by counsel for the United States.

[2] The grounds for Adams' ineffective assistance claims as set forth in his Petition to Amend are (a) defense counsel's failure to object to statements made by counsel for the United States during closing argument, (b) the deterioration in communications between

States of America ("United States") filed opposition to Adams' Motion to Vacate, by which opposition the United States responds to the ineffective assistance claims asserted therein. On September 11, 2008, the United States filed opposition to Adams' Petition to Amend. On November 12, 2008, Adams filed a reply to the opposition to the petition, by which reply Adams responds to the arguments made in opposition to the Motion to Vacate and to the Petition to Amend, and requests that he be appointed counsel.[3] Having read and considered the parties' respective submissions, the Court rules as follows.

Good cause appearing, Adams' request for leave to amend to assert the claims in his Petition to Amend will be granted. The United States has responded to the newly-raised claims on their merits and has failed to show it will be prejudiced by the timing of their assertion. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (holding, in determining whether to grant leave to amend, "it is the consideration of prejudice to the opposing party that carries the greatest weight"); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (noting "[t]he party opposing amendment bears the burden of showing prejudice").

Adams' request for appointment of counsel will be denied. The Sixth Amendment's right to counsel does not apply in habeas actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986), cert. denied, 479 U.S. 867 (1986). A motion made under § 2255 is, in essence, the equivalent of a petition for a writ of habeas corpus and, consequently, Adams is not entitled to appointment of counsel in the instant proceedings. Pursuant to statute, however, a district court is authorized to appoint counsel to represent a defendant seeking relief under § 2255 whenever "the court determines that the interests of justice so

---

defense counsel and counsel for the United States, and (c) defense counsel's alleged failure to inform Adams of his right to testify in his own defense.

[3] In addition to the above-referenced motion and petition, Adams, on May 27, 2008, filed a "Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. 994(o)," by which Adams seeks a reduction in his term of imprisonment on the basis of the November 1, 2007 amendments to the United States Sentencing Guidelines regarding crack cocaine offenses. The United States' response thereto, as well as to Adams' counsel's motion in support of such modification, is due by May 15, 2009.

require and such person is financially unable to obtain representation." <u>See</u> 18 U.S.C. § 3006A(a)(2)(B).  Here, Adams' claims have been adequately presented in his Motion to Vacate and Petition to Amend, and no other grounds exist that would require the appointment of counsel at this time.

Accordingly, Adams' request for leave to amend to assert the claims in his Petition to Amend is hereby GRANTED, and Adams' request for appointment of counsel is hereby DENIED.

Additionally, because Adams' newly-asserted claims are not made under oath, and to assist the Court in determining the precise nature of the factual dispute, if any, with respect to Adams' claim that he was deprived of his right to testify, Adams shall file, no later than July 1, 2009, one or more declarations in support of the claims in his Petition to Amend.  The United States shall file, no later than August 3, 2009, one or more declarations in response thereto.  The Court will defer ruling on whether an evidentiary hearing is necessary until after it has reviewed the above-referenced declarations.  <u>See</u> 28 U.S.C. § 2255(b) (providing district court shall grant hearing on § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

**IT IS SO ORDERED.**

Dated:  May 11, 2009

MAXINE M. CHESNEY
United States District Judge