IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>GARY ADAMS,<br>　　　　Defendant. | Case No. 01-cr-00329-MMC-1<br><br>**ORDER DISMISSING DEFENDANT'S § 2255 PETITION FOR LACK OF JURISDICTION**<br><br>Re: Dkt. No. 322 |

　　　　Before the Court is defendant Gary Adams's "Petition for a Federal Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255," filed June 10, 2016, which petition, defendant acknowledges, is a successive petition. In the petition, defendant seeks an order vacating his sentence on the ground that it has been rendered invalid by the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015); in addition, defendant requests the Court stay proceedings on his petition until the Ninth Circuit has ruled on his pending motion for an order authorizing this Court to consider his successive petition. By order filed June 21, 2016, the Court directed the government to file, no later than July 22, 2016, a response addressing the propriety of a stay. To date, no response has been filed. On August 4, 2016, defendant filed a reply in support of the requested stay. Having read and considered the defendant's written submissions, the Court rules as follows.

　　　　"Before [filing] a second or successive application [for writ of habeas corpus] . . . in the district court," a § 2255 applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." See 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) (extending requirements of § 2244 to second or

successive motions brought under § 2255).  If a defendant files a second or successive petition before having "receive[d] authorization from the Court of Appeals," the district court is "without jurisdiction to entertain it."  See Burton v. Stewart, 549 U.S. 147, 153 (2007).  Here, as noted, defendant acknowledges that he "litigated an earlier writ of habeas corpus, pursuant to 28 U.S.C. § 2255," and further acknowledges that, to date, although he has applied to the Ninth Circuit "for permission to file a successive petition," he has not received the requisite permission.  (See Petition at 2:21-22, 3:2-13.)

Defendant argues that this Court nonetheless should retain jurisdiction over the instant petition.  According to defendant, if this Court were to dismiss the petition and require defendant to wait to re-file it until after receiving the Ninth Circuit's authorization, he may be barred by the one-year statute of limitations, which runs from June 26, 2015, the date Johnson was issued.  Defendant's concern, however, is unfounded, as the Ninth Circuit has held that "the filing of a second or successive application in [the Court of Appeals] tolls the 1-year statute of limitations, and . . . the limitations period remains tolled until [the Court of Appeals] rules on the application."  See Orona v. United States, 2016 WL 3435692, at *2 (9th Cir. 2016).

Accordingly, the petition is hereby DISMISSED for lack of jurisdiction, without prejudice to defendant's re-filing, in the event he receives authorization from the Ninth Circuit.

**IT IS SO ORDERED.**

Dated:  August 9, 2016

MAXINE M. CHESNEY
United States District Judge