IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br>　　v.<br>GARY ADAMS,<br>　　　　　　Defendant. | Case No. 01-cr-00329-MMC-1<br><br>**ORDER STAYING PETITION; SETTING BRIEFING SCHEDULE** |

Before the Court is defendant Gary Adams' "Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255," filed September 20, 2016. The government has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the petition, the Court rules as follows.

By superseding indictment filed January 30, 2003, defendant was charged with two counts of possession with intent to distribute cocaine base and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).[1] A jury found defendant guilty of all charges and, on July 19, 2006, the Court imposed a sentence of 262 months. In his petition, defendant asserts that his applicable guideline range under the United States Sentencing Guidelines ("U.S.S.G.") was 360 months to

---

[1] In the initial indictment, filed September 6, 2001, Adams was charged with one count of possession with intent to distribute cocaine base and one count of possession with intent to distribute cocaine.

1  life, and, in calculating such range, the Court found defendant was a "career offender,"
2  due to the fact that defendant's instant offenses of possession with intent to distribute
3  cocaine base and cocaine were "controlled substance offenses" that he committed when
4  he was at least eighteen years of age and after he previously had been convicted of two
5  "crimes of violence," namely robbery and assault with a deadly weapon.  See U.S.S.G. §
6  4B1.1(a) (providing defendant is "a career offender" if "defendant was at least eighteen
7  years old at the time the defendant committed the instant offense," the instant offense is
8  "a controlled substance offense," and "the defendant has at least two prior felony
9  convictions of . . . a crime of violence").

On September 20, 2016, defendant filed the instant petition, in which he argues he was denied due process at sentencing and should be resentenced.  Specifically, defendant challenges as unconstitutional the "residual clause" (see Def.'s Mem. at 2:19) set forth below in italics, found in the following guideline defining the term "crime of violence":

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

See U.S.S.G. § 4B1.2(a) (emphasis added).[2]  The term "crime of violence," in turn, is, as noted above, found in the guideline defining "career offender."  See U.S.S.G. § 4B1.1(a).

Defendant contends his sentence was "based upon a . . . finding under [the] residual clause" (see Def.'s Mem. at 2:18-19), and that said clause is unconstitutional given the Supreme Court's reasoning in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court found unconstitutional the "residual clause"

---

[2] The above-quoted guideline was in effect at the time defendant was sentenced. It has subsequently been amended.

2

contained in a section of the Armed Career Criminal Act defining the term "violent felony." See 18 U.S.C. § 924(e)(2)(B).  Additionally, defendant, again citing Johnson, argues that, although robbery is listed as an example of a "crime of violence" in the commentary to U.S.S.G. § 4B1.2(a), the offenses enumerated in the commentary are tied to the residual clause and thus no longer "crimes of violence" after Johnson.  (See Def.'s Reply at 11:1-12:20.)

In its opposition, the government points out that the very issues presented by defendant's petition are presently pending before the Supreme Court.  Specifically, on June 27, 2016, the Supreme Court granted a petition for a writ of certiorari in Beckles v. United States, 136 S. Ct. 2510 (Mem.) (2016), which petition presents the following three issues:  (1) "[w]hether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)"; (2) "[w]hether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review"; and (3) "[w]hether mere possession of a sawed-off shotgun, an offense listed as a 'crime of violence' only in the commentary to U.S.S.G. § 4B1.2, remains a 'crime of violence' after Johnson."  See Petition for Writ of Certiorari, Beckles, 136 S. Ct. 2510 (No. 15-8544).

The Ninth Circuit has held that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest outcome for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." See Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  Here, resolution of Beckles will, at a minimum, "bear upon the case." See id.

The Ninth Circuit nonetheless has cautioned that a stay should not be granted "unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."  See id. at 864.  The Ninth Circuit has held, for example, that a stay should not be granted if the length of the time is "indefinite" or "potentially lengthy."  See Yong v. INS, 208 F.3d 1116, 1120 (9th Cir. 2000)

3

(reversing order staying proceedings on petition for writ of habeas corpus, where period of stay was "potentially for years").  Here, however, the anticipated length of the stay is neither indefinite nor potentially lengthy, as the Supreme Court heard oral argument in the Beckles case on November 28, 2016, and there is no indication a ruling will not issue within the next several months.

The Court next considers whether imposition of a stay would result in "substantial prejudice" to defendant.  See Yong, 208 F.3d at 1121.  Defendant asserts that, if his petition is successful, the purported "mistake in calculating the recommended Guidelines sentencing range is a significant procedural error that requires . . . re-sentencing" (see Def.'s Mem. at 19:23-25 (internal quotation and citation omitted)), and, further, that "[u]pon re-sentencing with proper Guidelines calculations at a new sentencing hearing, the Fair Sentencing Act['s] new mandatory minimums would apply to [defendant]" (see id. at 21:6-8).  The Court, however, finds defendant would not be prejudiced by a stay, as it does not appear that, at this time, he is able to overcome the obstacle presented by the one-year statute of limitations in § 2255.  In particular, where, as here, a defendant moves for collateral review based on a change in the law, he may do so within a year of the "date on which the right asserted was initially recognized by the Supreme Court" and only if that right is "made retroactively applicable to cases on collateral review."  See 28 U.S.C. § 2255(f)(3).  In this instance, as the Ninth Circuit has observed, "[i]t is an open question . . . whether [U.S.S.G. § 4B1.2(a)'s] residual clause remains valid in light of Johnson," see United States v. Willis, 795 F.3d 986, 996 (9th Cir. 2015), and, as discussed above, the Supreme Court has yet to determine that unsettled issue.  Moreover, as the very existence of the right is unsettled, it is apparent that no such right has been found retroactively applicable to cases on collateral review.

Accordingly, the government's request that proceedings on the instant petition be stayed pending the Supreme Court's decision in Beckles is hereby GRANTED.

In light thereof, the Court hereby sets the following briefing schedule on defendant's petition:

4

1. No later than 30 days after issuance of the Supreme Court's decision in Beckles, the government shall file supplemental opposition to defendant's petition.

2. No later than 21 days after the government files its supplemental opposition, defendant shall file a supplemental reply.

**IT IS SO ORDERED.**

Dated: January 6, 2017

MAXINE M. CHESNEY
United States District Judge