1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5          FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                  Case No. 01-cr-00329-MMC-1

8              Plaintiff,                       **ORDER DENYING DEFENDANT'S**
                                                **SECTION 2255 PETITION**
9         v.

10   GARY ADAMS,                                Re: Dkt No. 331

11             Defendant.

United States District Court
Northern District of California

12

13        Before the Court is defendant Gary Adams' "Amended Petition for a Writ of

14   Habeas Corpus Pursuant to 28 U.S.C. § 2255," filed September 20, 2016.  The

15   government has filed opposition, to which defendant has replied.  On January 6, 2017,

16   the Court granted the government's request to stay proceedings on the instant petition

17   pending the Supreme Court's decision in Beckles v. United States, and set a briefing

18   schedule by which the government would file a supplemental opposition to defendant's

19   petition no later than 30 days after issuance of the Supreme Court's decision, and

20   defendant would file a supplemental reply 21 days thereafter.  Although the Supreme

21   Court issued its decision in Beckles on March 6, 2017, see Beckles v. United States, 137

22   S. Ct. 886 (2017), no supplemental opposition has been filed by the government.[1]

23   Nonetheless, having read and considered the papers filed to date in support of and in

24   opposition to the petition, the Court deems the matter suitable for decision thereon, and

25   hereby rules as follows.

26

27        [1] On February 24, 2017, defendant filed a supplemental reply, noting the
     government had not filed a supplemental opposition.
28

1    By superseding indictment filed January 30, 2003, defendant was charged with

2    two counts of possession with intent to distribute cocaine base and one count of

3    possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).[2]  A jury

4    found defendant guilty of all charges and, on July 19, 2006, the Court imposed a

5    sentence of 262 months.

6    Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court

7    established by Act of Congress claiming the right to be released upon the ground that the

8    sentence was imposed in violation of the Constitution or laws of the United States . . .

9    may move the court which imposed the sentence to vacate, set aside, or correct the

10   sentence."  See 28 U.S.C. § 2255(a).  Here, defendant asserts, the presentence report

11   upon which his sentence is based erroneously "concluded that 'the defendant qualifies as

12   a career offender [under the United States Sentencing Guidelines ("U.S.S.G.")], in that

13   the instant offense is a felony controlled substance offence, and he has two previous

14   felony convictions for crimes of violence . . . .'"  (See Def.'s Mem. at 16:15-19 (quoting

15   presentence report).)

16   As provided in the U.S.S.G:

17   A defendant is a career offender if (1) the defendant was at least eighteen
     years old at the time the defendant committed the instant offense of
18   conviction; (2) the instant offense of conviction is a felony that is either a
     crime of violence or a controlled substance offense; and (3) the defendant
19   has at least two prior felony convictions of either a crime of violence or a
     controlled substance offense.
20
     See U.S.S.G. § 4B1.1(a).  Defendant challenges as unconstitutional the "residual clause"
21
     (see Def.'s Mem. at 2:19) set forth below in italics, found in the following guideline
22
     defining the term "crime of violence":
23
     The term "crime of violence" means any offense under federal or state law,
24   punishable by imprisonment for a term exceeding one year, that--

25   (1) has as an element the use, attempted use, or threatened use of physical

26

27        [2] In the initial indictment, filed September 6, 2001, defendant was charged with
     one count of possession with intent to distribute cocaine base and one count of
28   possession with intent to distribute cocaine.

United States District Court
Northern District of California

force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

See U.S.S.G. § 4B1.2(a) (emphasis added).[3] The term "crime of violence," in turn, is, as noted above, found in the guideline defining "career offender." See U.S.S.G. § 4B1.1(a).

Defendant contends his sentence was "based upon a . . . finding under [the] residual clause" (see Def.'s Mem. at 2:18-19), and that said clause is unconstitutional given the Supreme Court's reasoning in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court found unconstitutional the "residual clause" contained in a section of the Armed Career Criminal Act defining the term "violent felony." See 18 U.S.C. § 924(e)(2)(B). According to defendant, "[t]he Johnson holding should apply equally here, because the operative residual clause in U.S.S.G. § 4B1.2 is identical to the residual clause in the Armed Career Criminal Act." (See Def.'s Mem. at 14:17-20.) Additionally, defendant, again citing Johnson, argues that, although robbery is listed as an example of a "crime of violence" in the commentary to U.S.S.G. § 4B1.2(a), the offenses enumerated in the commentary are tied to the residual clause and thus no longer "crimes of violence" after Johnson. (See Def.'s Reply at 11:1-12:20.)

Subsequent to the filing of defendant's petition, however, the Supreme Court ruled that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." See Beckles, 137 S. Ct. at 895.[4] In light of Beckles, defendant's argument that his "sentence is now illegal because it was imposed pursuant to a Guidelines provision that

---

[3] The above-quoted guideline was in effect at the time defendant was sentenced. It has subsequently been amended.

[4] As to defendant's additional argument, the Court further notes that two concurring justices pointed out that the commentary to § 4B1.2(a) had designated Beckles' offense a "crime of violence" and, consequently, Beckles could not claim § 4B1.2(a) was vague as applied to him, given that his conduct was "clearly proscribed" in that commentary, see Beckles, 137 S. Ct. at 898 (Ginsburg, J., concurring) (internal quotation and citation omitted), which "was not unconstitutionally vague," see id. (Sotomayor, J., concurring).

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

is now unconstitutionally vague" (see Def.'s Mem., at 19:18-20) is unavailing.  Under

such circumstances, defendant is not entitled to relief under § 2255. [5]

Accordingly, defendant's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 26, 2017

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California

---

[5] In his supplemental reply, defendant "acknowledges" that Beckles "might raise a roadblock to his Section 2255 motion," but nonetheless asks the Court to grant such motion for the asserted reason that the government "appears to have waived the argument by not filing an opposition."  (See Def.'s Supp. Reply, at 2:8-15.)  The Court, however, is not persuaded.  Defendant is only entitled to relief under § 2255 if his "sentence was imposed in violation of the Constitution or laws of the United States," see 28 U.S.C. § 2255(a), and, as set forth above, the Supreme Court's holding in Beckles precludes the very constitutional challenge upon which defendant bases his motion.