IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 01-cr-00329-MMC-1 |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATE OF APPEALABILITY** |
| v. | |
| GARY ADAMS, | Re: Dkt. No. 341 |
| Defendant. | |

On April 26, 2017, the Court denied defendant Gary Adams' ("Adams") "Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255," and, on May 4, 2017, Adams filed a notice of appeal. Now before the Court is Adams' motion, filed May 6, 2017, for a certificate of appealability from the Court's denial of Adams' § 2255 petition. Having read and considered the motion for a certificate of appealabilty and the file in this matter, the Court rules as follows.

A district court shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant is entitled to a certificate of appealability if he "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (internal quotation and citation omitted).

In its April 26, 2017 order, the Court, quoting Beckles v. United States, 137 S. Ct. 886, 895 (2017), found "'the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness'" (see Order filed Apr. 26, 2017, at 3:18-20), and,

consequently, that Adams' argument that § 4B1.2(a) is unconstitutionally vague was "unavailing" (see id. at 4:1).  In addition, the Court rejected Adams' contention that the government had waived any argument under Beckles by failing to file a supplemental opposition after the Supreme Court issued its decision.[1]  In that regard, the Court held Adams was only entitled to relief under § 2255 if his "sentence was imposed in violation of the Constitution or laws of the United States," see 28 U.S.C. § 2255(a), and that the Supreme Court's holding in Beckles "preclude[d] the very constitutional challenge upon which [Adams] base[d] his motion." (See Order, filed Apr. 26, 2017, at 4:24-28.)

In his motion for a certificate of appealability, Adams argues that "reasonable jurists would find debatable or wrong this Court's rejection of his waiver argument, . . . and asks the Court to issue a [certificate of appealability] on that basis." (Mot. at 3:18-21.)  Adams fails, however, to identify any reason why reasonable jurists would find said ruling to be debatable or wrong, nor does the Court, having considered the matter anew, find its order to be one that a reasonable jurist would find debatable or wrong.

Accordingly, Adams' motion for a certificate of appealability is hereby DENIED.

The Clerk shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit, from which Adams may also request issuance of a certificate of appealability.  See Fed. R. App. Proc. 22(b)(1); 9th Cir. Rule 22-1(a).

**IT IS SO ORDERED.**

Dated: May 16, 2017

MAXINE M. CHESNEY
United States District Judge

---

[1] Prior to Beckles, the government had filed an opposition in which it raised, inter alia, essentially the same grounds for denial as those on which Beckles was based.

2