IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>GARY ADAMS,<br>　　　　Defendant. | Case No. 01-cr-00329-MMC-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. SECTION 3582(C)(1)(A)(i); RELEASING DEFENDANT FROM CUSTODY; IMPOSING ADDITIONAL CONDITIONS OF SUPERVISED RELEASE** |

　　　　On April 29, 2020, defendant Gary Adams ("Adams") filed a "Motion for Compassionate Release Pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i)." The matter came on for telephonic hearing on May 14, 2020. Molly A. Smolen of the United States Attorney's Office appeared on behalf of the government, and John J. Jordan of the Law Office of John J. Jordan appeared on behalf of defendant.

　　　　The Court, for the reasons stated on the record at the hearing, orders Adams's term of imprisonment in both CR 01-329-MMC and CR 19-146-MMC reduced to a term of time served, specifically, 403 days, followed by concurrent five-year terms of supervised release on the same conditions as imposed in the Amended Judgments filed in February 2020, and on the additional condition that, upon his release, Adams must complete a six-month residential drug treatment program at Center Point.

　　　　In so ruling, the Court finds, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the following circumstances, when taken together, constitute "extraordinary and compelling reasons" warranting such reduction: (1) Adams's medical conditions, specifically, diabetes, for which he receives insulin injections three times per day, high blood pressure, and asthma, all of which have been identified by the Centers for Disease Control as

1  conditions creating a high risk of severe illness from COVID-19, see
2  www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html,
3  www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html;
4  (2) his age, 60 years, which, when coupled with his medical conditions, has been
5  recognized as an additional factor increasing such risk, see id.; (3) his confinement at
6  Santa Rita Jail, where over 50 inmates have tested positive for COVID-19, see
7  https://www.alamedacountysheriff.org/admin_covid19.php; and (4) the fewer than three
8  months that, as of the date of this order, remain before Adams's projected release date.
9        In addition to the above, the Court has considered the factors set forth in 18
10 U.S.C. § 3553(a) and finds the small reduction in Adams's sentences will have no
11 significant effect on any of the factors the Court considered at the time of his original
12 sentencing.  The Court has also considered whether Adams poses, as provided in 18
13 U.S.C. § 3142(g), a danger to the safety of any other person or to the community.  In that
14 regard, although his record does include two convictions for violent offenses, the most
15 recent of those convictions occurred more than thirty years ago while the earlier of the
16 two occurred almost forty years ago, and, having reviewed Adams's record as a whole,
17 the Court finds he does not pose such a danger.

## CONCLUSION

19       For the reasons stated above, the motion for compassionate release is hereby
20 GRANTED as follows:
21       1. It is hereby ORDERED that Adams's term of imprisonment in both CR 01-329-
22 MMC and CR 19-146-MMC be reduced to a term of time served, specifically, 403 days,
23 and that Adams be released from the custody of the Bureau of Prisons on Tuesday, May
24 26, 2020, by no later than 12:00 noon.
25       2. Upon his release, Adams shall be on supervised release in both CR 01-329-
26 MMC and CR 19-146-MMC for a term of five years, said terms to run concurrently, on the
27 same conditions as imposed in the Amended Judgments filed in February 2020, and on
28 the additional conditions that Adams, upon his release:

     (1) shall be transported by his brother Bruce Meadors from Santa Rita Jail directly to Zuckerberg San Francisco General Hospital and Trauma Center, 1001 Potrero Avenue, San Francisco, California 94110, where he shall be examined by his nurse practitioner and obtain a COVID-19 Release Letter permitting congregate living; and

     (2) shall, after obtaining said release letter, be transported by Bruce Meadors directly to the Center Point Treatment Program, 207 1st Street, San Rafael, California 94901, where he must complete a six-month residential drug treatment program and obey all of said program's rules and restrictions.

**IT IS SO ORDERED.**

Dated: May 22, 2020

_____
MAXINE M. CHESNEY
United States District Judge